His Honor, 'CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a suit for the recovery of the amount of a forged note which plaintiff alleges defendants sold him.
Plaintiff alleges that on December 13th, 1912, he purchased from the defendants for $1,500 a promissory note purporting to have been drawn by Mrs. Elizabeth Mc-Cowan for $1,500 dated June 1, 1911, and payable .at one year, and that the note is a forgery.
The defendants deny that plaintiff purchased said note from them. They aver that they held it for account of Wm. B. Foulke, and that, at his request, they placed it for collection in the hands of their attorneys to whom it was paid by .James J. Woulf-e, representing the maker.
There was judgment for the defendants and the plaintiff has appealed.
As the defendants are sued as vendors of the note and warrantors of its genuineness the sole question involved *452 in this case is, did the defendants' sell the note to the plaintiff ?
The facts of the transaction are related as follows by W. B. Thompson, one of the defendants: In the spring* of 1912 the defendants became holders, as pledgees, of the note under consideration; in the summer of 1912 they addressed a letter to the maker, Mrs. McCowan, demanding payment of the note; it was not followed with any results; they then sent the note by a clerk to Mr. Quintero, an attorney-at-law 44 with instructions to collect the note, and if it were not paid, to proceed to foreclose against the property;” they received a remittance from Mr. Quintero of $500.00 about December 6th, and a few days later, they received another remittance from Mr. Quintero for the balance; the two amounts were put to the credit of the pledgor of the note; they did not know that the note was bad or that it had been sold until some time subsequent when Mr. Quintero advised them of the present demand for the return of the money; after sending the note by the clerk they confirmed to Mr. Quintero the instructions to collect or foreclose; the question of the sale of the note never came up between them and Mr. Quintero; it was always a question of collecting the note; Mr. Quintero never told them he had sold the note.
J ames H. McQuillan, the clerk who was commissioned by the defendants to take the note to Mr. Quintero, testifies that he instructed him 4 4to notify this party and if necessary, if .he didn’t pay, if it was necessary to bring suit, to bring it in the name of W. B. Foulke;” he did not give him instructions to sell the noté.
Mr. J. Marshall Quintero says that in November, 1912, the defendants sent their clerk, McQuillan, to his office with the note; that 44the young man who brought the *453 note * # * stated that we should write a letter in behalf of W. B. Foulke to Mrs. McCowan, the maker of the note, demanding immediate payment and if it was not paid in a reasonable time to foreclose on the note;” he wrote a letter to Mrs. McCowan demanding payment of the note; when the amount of the note was turned over to him, he did not understand that Colley was purchasing the note from him .as the agent and representative of Mr. Thompson; he understood that Woulfe was paying the balance due on the mortgage note; he had no authority at all from the defendants or from Foulke to sell that note.
Mr. ‘Charles Payne Fenner says that Mr. Quintero told him that he knew nothing at all about the note except that it had been placed in his hands for collection by W. B. Thompson & Co., and when asked whether or not he was prepared to sell the note, he stated that the note was in his hands for collection and he was willing to turn it over to .any one, provided he was paid the face' of the note with the interest that was due.
There is absolutely no contradiction of this testimony. It establishes the fact with complete certainty that the defendants never sold the note to the plaintiff and never authorized their attorney, Quintero; to sell it. This leaves plaintiff without any case.
An abundance of testimony was taken with a view of proving that the transaction by which the plaintiff became the holder of the note was a purchase and not a payment of the note. This we do not pass on. Such an inquiry miaht have been useful if the existence of the mortgage had been the question at issue, or the title to the note.
Plaintiff might have claimed that they purchased in good faith from an apparent owner. But that could *454 never prove that the defendants were vendors of the note. Plaintiff has utterly failed to prove that material allegation of his petition, and the judgment must therefore be affirmed.-
Opinion and decree, June 12th, 1916.
Rehearing refused, July 12th, 1916.